[Crim. No. 19861. First Dist., Div. Four. Mar. 17, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE LEROY CARTER, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kay Kohler, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Karl S. Mayer and Kenneth C. Young, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—George Leroy Carter pleaded guilty to a charge of escape (without force or violence) from the Monterey County Sheriff's Rehabilitation Center (Pen. Code, § 4532, subd. (b)), and he admitted an alleged prior prison term for grand theft within the meaning of Penal Code section 667.5, subdivision (b).[1] The court sentenced him to

---

[1]Penal Code section 667.5, subdivision (b), provides: Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: "(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

state prison for the upper term of four years for robbery (the principal term), plus a consecutive term of eight months for the escape conviction (subordinate term), plus one year for the prior prison term pursuant to Penal Code section 667.5, subdivision (b), with credit for time served.

■  On appeal, defendant asserts that the trial court enhanced the subordinate term for the escape by adding one year for the prior prison term, and therefore he argues that such enhancement was improper under Penal Code section 1170.1, subdivision (a),[2] because escape is not one of the offenses mentioned in Penal Code section 667.5, subdivision (c).[3] Contrary to defendant's assertion, however, the trial court did not use the prior prison term to enhance the subordinate term of imprisonment for the escape. Rather, the additional one year term was imposed, pursuant to section 667.5, subdivision (b), as part of the aggregate term of imprisonment. This was proper under section 1170.1, subdivision (a), which defines the aggregate term of imprisonment as the sum of (1) the principal term, (2) the subordinate term, and (3) any additional term imposed pursuant to section 667.5 or section 667.6. Subdivision (c) of section 1170.1 also indicates that the terms provided by section 667.5 are in addition to the principal and subordinate terms.

[2]At the time of sentencing, Penal Code section 1170.1, subdivision (a), provided: "(a) Except as provided in subdivision (b) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.5, 12022.6, or 12022.7. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5, but shall include one-third of any enhancement imposed pursuant to Section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5. In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years."

[3]Penal Code section 667.5, subdivision (c), provides: "(c) For the purpose of this section "violent felony" shall mean any of the following:

"(1) Murder or voluntary manslaughter.

"(2) Mayhem.

"(3) Rape as defined in subdivisions (2) and (3) of Section 261.

"(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

"(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

"(6) Lewd acts on a child under 14 as defined in Section 288.

Penal Code section 1170, subdivision (b), provides that the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under sections 667.5, 1170.1, and others. In this case, the trial judge clearly stated that the upper term for the robbery conviction was imposed for reasons other than the prior prison term for grand theft.

Judgment affirmed.

Caldecott, P. J., and Poché, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 14, 1980.

---

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any other felony in which the defendant inflicts great bodily injury on person any other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5.

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person."