[Crim. No. 20718. First Dist., Div. Two. Nov. 25, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
ISAAC GAINES, Defendant and Respondent.

510

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Douglass Garibaldi, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Peter R. Silten, Deputy State Public Defender, for Defendant and Respondent.

OPINION

ROUSE, Acting P. J.—The People appeal from a sentence imposed upon defendant, Isaac Gaines.

On May 3, 1979, an information was filed in the Solano County Superior Court charging defendant with robbery, in violation of section 211 of the Penal Code;[1] and possession of a concealable firearm by a felon, in violation of section 12021. Defendant was also charged with having served separate prison terms for two prior felony convictions.

In July 1979, while the Solano County charges were still pending, defendant was convicted in the Contra Costa County Superior Court of robbery, in violation of section 211. Although defendant had admitted two prior felony convictions, the trial court ordered them stricken and sentenced defendant to three years in state prison.

On August 22, 1979, in the Solano County action, defendant pleaded guilty to the charge of possession of a concealable firearm by a felon. Also, he admitted having sustained two prior felony convictions and having served separate prison terms therefor. The robbery charge was dismissed.

On September 17, 1979, the Solano County court sentenced defendant to eight months in prison, or one-third of the middle term, for the violation of section 12021, said sentence to run consecutive to the sentence imposed in the Contra Costa County action. Contrary to the mandate of section 667.5, subdivision (b), the court imposed no one-year enhancements for the prior prison terms served, concluding that it was precluded from doing so, since it had ordered defendant's sentence to run consecutive to the sentence imposed in the Contra Costa County action.

The People filed notice of appeal from the sentence, contending that defendant should have received one-year enhancements for both of the prior prison terms served.

The initial question before us is whether such an appeal lies.[2]

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Penal Code.

[2]The instant case involves a somewhat unusual procedural history in this court. On October 6, 1980, we rendered a decision that treated the merits of the People's contention that defendant's sentence should have been enhanced by virtue of the two prior prison terms served for felony convictions. Subsequently, on October 20, 1980, we granted a rehearing on our own motion in order to pass upon the additional question of whether the People may appeal from a sentence.

At the outset, we note that section 1237, which governs a criminal defendant's right to appeal, authorizes an appeal from a final judgment of conviction, and it further states that a sentence shall be deemed a final judgment for the purposes of appeal.

On the other hand, section 1238, which governs the People's right to appeal, contains no reference to either a judgment of conviction or sentence, although that statute specifies several diverse instances in which an appeal may be taken by the People.

We are also mindful of the fact that the courts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature. The California Supreme Court has held that the Legislature has determined that the People shall have no right of appeal in criminal cases except under certain limited circumstances. (*People v. Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622]; *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 497 [72 Cal.Rptr. 330, 446 P.2d 138].) The Legislature has struck a delicate balance between the competing considerations of preventing harassment of the accused and correcting possible error, and the courts should not destroy that equilibrium by stretching the statutory language beyond its manifest meaning. (*People v. Drake, supra*, at p. 758.)

Nevertheless, we are of the opinion that, in this case, the People's appeal is properly before us pursuant to subdivision (a)(6) of section 1238.

In *People v. Orrante* (1962) 201 Cal.App.2d 553 [20 Cal.Rptr. 480], the trial court summarily granted probation to the defendant without ever imposing sentence. The granting of probation was prohibited by statute, since the defendant had been convicted of murder while armed with a deadly weapon. (Pp. 555, 566.)

The initial question before the appellate court was whether the People were entitled to appeal from the order granting probation. The court first concluded that the order was not appealable under subdivision 5 (now subd. (a)(5)) of section 1238, which authorizes an appeal from an "order made after judgment. ..." The *Orrante* court reasoned that since the trial court had never imposed sentence, there was no judg-

ment[3] against the defendant and the order granting probation therefore could not be considered an order after judgment. (P. 556.)

The *Orrante* court then turned its attention to subdivision 6 (now subd. (a)(6)) of section 1238, which allows the People to appeal from an "order modifying the verdict or finding by reducing...the punishment imposed." (Pp. 556-557.) The court pointed out that, since the defendant had pleaded guilty and such a plea was the equivalent of a verdict and dispensed with the necessity of any finding by the court, the order granting probation clearly had the effect of modifying a verdict or finding. (P. 557.) The *Orrante* court next turned to the question whether subdivision 6 was inapplicable because the order granting probation merely modified the punishment which *should* have been imposed rather than that *actually* imposed by the trial court. (P. 557.) Relying upon *People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241], the court concluded that this question should be answered in the negative and that the applicability of subdivision 6 should not be dependent upon "the procedural formalism of the trial court first imposing the punishment and then reducing it." (Pp. 557-558.) The *Orrante* court stated, "We are of the opinion that where the trial court suspends the imposition of sentence and grants probation, when it has no jurisdiction to make such orders, 'the purpose and ultimate effect of the court's order,' to adopt the language of *Burke, supra*, is to reduce the punishment and the order is appealable under subdivision 6 of section 1238." (P. 558.)

The *Orrante* reasoning was followed in *People* v. *Thatcher* (1967) 255 Cal.App.2d 830, 831-832 [63 Cal.Rptr. 492]; *People* v. *Villegas* (1971) 14 Cal.App.3d 700, 703 [92 Cal.Rptr. 663]; and most recently in *People* v. *Mendevil* (1978) 81 Cal.App.3d 84, 88 [146 Cal.Rptr. 65]. *Thatcher* and *Villegas* both involved procedural situations identical to *Orrante*, where the trial court had summarily granted probation in direct violation of a statute prohibiting any such disposition of the case. In *Mendevil*, the defendant had been convicted of two offenses, and the trial court, purportedly acting pursuant to section 654, had stayed execution of the sentence providing the greater, rather than the lesser, punishment. (*People* v. *Mendevil, supra*, at pp. 86, 89.)

We have concluded that, in this instance, all of the requirements of *People* v. *Orrante, supra*, 201 Cal.App.2d 553, and its progeny, are met. As we will hereafter point out, the trial court's refusal to enhance

[3]The judgment in a criminal action is synonymous with the imposition of sentence. (*People* v. *Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal.Rptr. 40, 591 P.2d 63].)

defendant's sentence for the two prior prison terms was contrary to the mandate of the Legislature. Thus, the sentence imposed modified defendant's guilty plea, which was tantamount to a verdict or finding, by reducing the punishment which should have been imposed under the applicable statutes. It follows that the People are entitled to appeal from the sentence under subdivision (a)(6) of section 1238.

We turn next to the merits of the appeal.

Section 1170.1, subdivision (a),[4] provided, at applicable times, in pertinent part, that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5 or 667.6. ...The subordinate term...shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5...."

Section 667.5, subdivision (c), lists eight violent felonies for which enhancement of the subordinate term is allowed under section 1170.1. Section 667.5, subdivision (b), states that except where a defendant has been convicted of a new offense of the violent type specified in subdivision (c), "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony...."

Pursuant to subdivision (c) of section 1170.1, a defendant sentenced for a crime committed on or after July 1, 1977, shall receive the additional term provided in section 667.5 unless the court determines that there are circumstances in mitigation.

Defendant contends that where a consecutive term of imprisonment is imposed, section 1170.1, subdivision (a), does not allow enhancement of a subordinate offense by reason of a prior prison term unless the consecutive offense is one of the eight violent felonies listed in section 667.5, subdivision (c). He cites *People* v. *Harvey* (1979) 25 Cal.3d 754, 761 [159 Cal.Rptr. 696, 602 P.2d 396], for the proposition that section

---

[4]The language of section 1170.1, subdivision (a), was thereafter modified on May 29, 1980 (Stats. 1980, ch. 132, § 2, p. 463).

1170.1 allows enhancement of the subordinate term *only* for the specific offenses listed in section 667.5, subdivision (c).

█ In the recent case of *People* v. *Carter* (1980) 104 Cal.App.3d 370 [163 Cal.Rptr. 475], the court pointed out that section 1170.1 defines the aggregate term of imprisonment as the sum of (1) the principal term, (2) the subordinate term, and (3) any additional term imposed pursuant to section 667.5 or 667.6. (P. 372.) Thus, enhancements for prior prison terms under section 667.5 are part of the aggregate term of imprisonment and are independent of the principal or subordinate term. *People* v. *Harvey, supra*, 25 Cal.3d 754, which addressed the issue of enhancement of the subordinate term, would not apply to enhancements which are in addition to the principal or subordinate term and are not appended to either.

It follows that the trial court erred in disregarding defendant's two prior prison terms when computing his aggregate term of imprisonment. Section 667.5 is not discretionary; it prescribes the duty of a sentencing court to add an additional year to the term imposed for each prior prison term served for a felony. (*People* v. *Johnson* (1979) 95 Cal.App.3d 352, 355 [157 Cal.Rptr. 150].)

One further point requires discussion. Defendant admitted two prior felony convictions, both of which had resulted in separate prison terms. During the sentencing proceedings, defendant argued that since the felony convictions were used as an element of the substantive offense with which he was charged, the prison terms resulting from said convictions could not be used to enhance his sentence.

Not so. Section 12021 involves the conduct of those persons who have been convicted of any felony, while section 667.5 addresses itself to that class of prior felonies which have warranted imprisonment. The mandate of section 667.5, subdivision (b), is very clear: except where a defendant has been convicted of a new offense of the violent type specified in subdivision (c), "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony. . . ."

Pursuant to subdivision (c) of section 1170.1, a defendant sentenced for a crime committed on or after July 1, 1977, shall receive the addi-

tional term provided in section 667.5 unless the court determines that there are circumstances in mitigation.

While in *People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369], and *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], the California Supreme Court held that a prior felony conviction could not be used for the dual purpose of augmenting a defendant's sentence and providing an essential element of the charged offense of possession of a concealable firearm by a felon, those cases were both decided under former section 3024 and the Indeterminate Sentence Law. It is doubtful that the holding of those cases is any longer controlling in view of the more recent enactment of the determinate sentencing law. Whereas former section 3024 prescribed a minimum term of imprisonment for a person "previously convicted of a felony," section 667.5, subdivision (b), now provides for the imposition of a one-year sentence enhancement for "each prior separate prison term served" for any felony. The Attorney General argues that the "double use of facts" argument cannot be made under section 667.5, subdivision (b), because it is the prior "conviction" which constitutes an essential element of the crime of possession of a firearm by a felon, whereas it is the "prison term served" for the prior felony which triggers the enhancement prescribed by section 667.5, subdivision (b). The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b).

In enacting the determinate sentencing law, the California Legislature expressed its sentiments about crime and punishment in section 1170, subdivision (a)(1), which states, in part, that "the purposes [*sic*] of imprisonment for crime is punishment." If, then, the purpose of punishment is, among other things, to deter, it seems reasonable and logical for that body to direct (as it did in § 667.5, subd. (b)) that the recidivist be punished more severely than the first offender by requiring that the former serve an additional term in prison. Support for this proposition is clearly set forth in section 667.5, subdivision (e): "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison."

■ It is a settled rule of statutory construction that every word, phrase, sentence and part of an act should be taken into consideration in determining legislative intent. (*Parks* v. *Superior Court* (1971) 19 Cal.App.3d 188, 191 [96 Cal.Rptr. 645].) If the language of a statute is clear, there can be no room for interpretation, and effect must be given to the plain meaning of the language. (*Skivers* v. *State of California* (1970) 13 Cal.App.3d 652, 655 [91 Cal.Rptr. 707].) The courts may not alter the words of a statute to accomplish a purpose that does not appear on the face of a statute or from its legislative history. (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97].)

■ In this instance, we conclude that the Legislature well knew what it was doing when it employed the phrase "prior separate prison term served," rather than "prior felony conviction," in section 667.5, subdivision (b). We agree with the Attorney General that a prohibited double use of the same fact does not occur in a situation where a prior felony conviction is used as an essential element of a section 12021 charge and the prison sentence served for such prior felony is also used to enhance the defendant's sentence.

Since the trial court erroneously concluded that it was prohibited from using either of defendant's prior prison terms to enhance his sentence, it is apparent that the court did not exercise its discretion to strike the additional punishment for one or both of those enhancements pursuant to section 1170.1, subdivision (g). Upon remand, the court will have the opportunity to do so.

The cause is remanded to the trial court for the limited purpose of re-sentencing proceedings to determine whether defendant's sentence should be enhanced by either or both of his two prior prison terms.

Miller, J., and Smith, J., concurred.

On December 23, 1980, the judgment was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied February 18, 1981.