[Crim. No. 11387. Third Dist. July 29, 1981.]

In re ROBERT J. CLAWSON on Habeas Corpus.

**COUNSEL**

Robert J. Clawson, in pro. per., for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petition for habeas corpus. At issue is whether an enhancement imposed by the El Dorado Superior Court (No. 30111) for service of a prior prison term survived the later transmutation of the El Dorado judgment into a subordinate term imposed by the Lassen Superior Court (No. 14172). Petitioner contends that since the prior pris-

on term was not alleged and proved in the Lassen action, its inclusion in the Lassen judgment is improper. At our request the Attorney General has filed and served written opposition to the petition. We shall deny the petition.

On February 24, 1978, defendant was convicted in El Dorado County (No. 30111) of robbery with firearm use (Pen. Code, §§ 211 and 12022.5). Service of a prior prison term (Pen. Code, § 667.5, subd. (b)) was also charged and found true. The sentence, composed of the following constituents, totaled six years: the middle term of three years for robbery, a two-year enhancement for firearm use and a one-year enhancement for the prior prison term.

On October 12, 1978, defendant was convicted in Lassen County (No. 14172) of kidnaping. (Pen. Code, § 207.) The Lassen Superior Court sentenced petitioner to six years in prison consisting of the upper term of five years enhanced by an additional year for violation of Penal Code section 12022, subdivision (a). The Lassen term was ordered to run consecutively to the El Dorado sentence. Under Penal Code section 1170.1, the El Dorado sentence became the subordinate term, reduced to one-third of the three-year middle term for robbery (one year).[1] The Lassen Court also included in its judgment the one-year enhancement for the prior prison term pleaded, proved, and imposed in the El Dorado case.

In these circumstances the sentencing court is governed as to subordinate terms by Penal Code section 1170.1, subdivision (a), providing in part: "[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions

---

[1]"The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancement imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8." (Pen. Code, § 1170.1, subd. (a).) The six-year Lassen County term is thus greater than the El Dorado term because, under this formulation, the El Dorado term is measured at five years, being the sum of the three-year middle term for robbery and the two-year firearm use enhancement.

The Lassen court also imposed an additional two-thirds of a year, being one-third of the two-year enhancement for the Penal Code section 12022.5 finding in the El Dorado action. Imposition of that enhancement, erroneous under *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] has since been corrected in unrelated proceedings. (*In re Robert Clawson*, 3 Crim. 11189.)

shall be the sum of the principal term, the subordinate term *and any additional term imposed pursuant to Section 667.5 and 667.6.*" (Italics added.) Section 667.5 provides for enhancement of prison terms for new offenses because of prior prison terms.

█ It is true that Penal Code section 667:5, subdivision (d), states that "additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense." That section has been fully complied with here however. The prior prison term was charged and proved in the El Dorado case which, together with the Lassen case, constitutes the "new offense" within the meaning of section 667.5.

The petition is denied. This order is final forthwith.

Blease, J., and Carr, J., concurred.