[Crim. No. 5131. Fifth Dist. Oct. 22, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID H. FAUGHT, Defendant and Appellant.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Appellant.

Gayle Guynup, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

**ANDREEN, J.**—This is an appeal and cross-appeal following a conviction of a violation of Penal Code section 12021, ex-felon in possession of a concealable weapon.

In a criminal information filed March 24, 1980, defendant David H. Faught was charged with assault with intent to commit rape (Pen. Code, § 220); it was alleged that a .38 caliber revolver was used in the offense (Pen. Code, § 12022, subd. (b)). Count two charged defendant as an ex-felon in possession of a firearm in violation of Penal Code section 12021. The information further alleged that defendant had previously been convicted of grand theft in violation of Penal Code section 487 and had served a prison term and was released from custody on March 19, 1978.

Defendant admitted the prior conviction. At the first trial on the charges, the jury found defendant not guilty of assault with intent to commit rape. The jury was unable to reach a verdict on the remaining charge, so a mistrial was declared as to count two, ex-felon in possession of a firearm.

Out of the presence of the jury, on the first day of the second trial, defendant offered to stipulate to the prior conviction on the condition it not be introduced as part of the People's case. The People opposed the stipulation and the trial court refused to compel the stipulation.

Following the district attorney's opening statement, the defendant moved for a mistrial which was denied. As a corrective measure defendant sought to introduce evidence of his prior acquittal, the request was denied.

Defendant was convicted and sentenced to state prison for the middle term of two years. The court declined to impose any enhancement for the prior conviction, holding that it could not be used to enhance since it was part of the substantive offense.

Defendant filed notice of this appeal; the People filed notice of a cross-appeal.

## FACTS

On May 5, 1980, Caroline Barker was living with her son at 1609 Locke Road in Modesto. At approximately 10 p.m. that night Vincent Avana and his father Lee Avana and defendant David Faught arrived at her home. Lee Avana was drunk and Faught and Vincent Avana had been drinking. Caroline was not previously acquainted with Faught or Lee Avana.

Vincent Avana left to go to a nearby store. Faught and Lee Avana left the house with him but Faught returned shortly thereafter.

According to Caroline Barker, Faught made a pass at her and Caroline left her house to go to a neighbor's in an adjacent unit. At about 10:30 Betty McAtee and Mary Beaudoin heard a female yelling for help. McAtee opened the door eight to ten inches and saw a man outside with his arm extended. She did not see his hand and was unable to see any gun in his possession. The police were called. The women heard a noise, McAtee thought it was a rock hitting the door, Beaudoin thought it was a gun. McAtee was unable to make a positive identification of defendant as the person she had viewed.

Barker testified at trial that as she was on her neighbor's porch she turned around and saw Faught behind her, on the Barker porch. Faught told her to get back to her house. He approached her with a gun in his hand. He directed the neighbors to close the door and stated he would shoot if they opened it. He then fired once in the air.

Barker testified that Faught told her to call the neighbors and ask them not to call the police. He mentioned that if the police came she would be the first to go.

Barker testified when Vincent Avana returned he told Faught to give him the gun, and to calm down. Faught refused but went outside with Vincent. When the police arrived, Barker (due to defendant's threats) took her son and slipped out a back door and hid in some bushes in the vicinity of her apartment.

About 11 p.m. that night, another neighbor, Michael Perrine, who lived at 1531 Locke Road, saw defendant in Perrine's front yard ducking behind a hedge, peering over it at police officers down the street. Perrine went to get his father and when he returned, defendant was

gone. At about 11:10 p.m., Modesto Police Officer Jim Sanders contacted Perrine and after Perrine pointed defendant out as the latter walked down Locke Road in front of 1527 Locke, Sanders arrested defendant. Defendant had no firearm on his person. Shortly after 11 p.m., Modesto Police Officer Curtis Tankersley found a .38 caliber handgun in the hedge area of 1601 Locke; the weapon was not dusty or dirty and contained four live rounds and one empty cartridge. At trial, Caroline identified that gun as appearing to be the one defendant had in his hand that night.

## DEFENSE

Faught testified that he had not possessed or used a gun on the night in question. Upon seeing the police vehicle he ran because he was trying to evade a misdemeanor warrant for disturbing the peace.

Vincent and Lee testified that they had not seen Faught with a gun that night.

Officer Lee Greutzmacher who interviewed Caroline on the night of the incident recalled several statements made by her which contradicted her trial testimony. Caroline had told Officer Greutzmacher that Faught had pointed a gun at her chest, that he had held both hands on the gun, that he had placed the gun in his waistband on other occasions, and that he had told her to return to the apartment or he would kill her. On cross-examination Caroline testified he had held the gun in one hand, no threat on her life was mentioned, she did not remember seeing a gun in the waistband, and she did not testify to defendant pointing the gun at her chest.

## THE STIPULATION

Prior to trial, defendant offered a stipulation that he had been convicted of a felony, so as to preclude the People from introducing such evidence. The stipulation was framed as follows: "We offer to stipulate to the prior conviction as alleged in the Information and request that the Information be modified when read to the jury to eliminate all reference to that prior conviction.

"And also, that the Prosecutor be ordered not to refer to it during argument. And that the verdict form be modified to delete any reference

to the prior. And stipulate that upon a finding that the Defendant was in possession of a firearm that it would be a felony as charged in Section 12021. I make this motion on the strength of People versus Sherren in an attempt to avoid the prejudicial effect of the jury being informed that a previous conviction—"

At the time of the defense request, *People* v. *Sherren* (1979) 89 Cal. App.3d 752 [152 Cal.Rptr. 828] was the sole direct authority in aid of defendant's position. Deeming contrary authority more persuasive, the trial court refused to require the People to accept the stipulation.

The jury was informed of the prior felony by stipulation, and by the court's mention of the fact three times at the opening of the trial. The court stated: "At this time, ladies and gentlemen, I am going to read the Information which was filed in this matter. It is entitled, The People of the State of California against David Hollen Faught, Action No. 166407. Information for possession of a dangerous weapon by a felon, a violation of Section 12021, of the California Penal Code, a felony.

"David Hollen Faught is accused by the District Attorney for the said County of Stanislaus, State of California by this Information of the crime of violation of Section 12021, of the California Penal Code, a felony.

"As I said, possession of a dangerous weapon by a felon, committed as follows: The said David Hollen Faught on or about the fifth day of March, 1980, at and in said County of Stanislaus, State of California, and prior to the filing of this Information, did willfully, unlawfully and feloniously own and have in his possession and under his custody and control a certain firearm, to wit, a .38 caliber revolver, capable of being concealed upon the person and having a barrel less than 12 inches in length. The said David Hollen Faught having theretofore been duly and legally convicted of a felony, to wit, the crime of Grand Theft, on the 14th day of September, 1976, by and before the Superior Court of the State of California, and in and for the County of Stanislaus." A jury instruction also alluded to the prior.

Two months after trial, the Supreme Court filed *People* v. *Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], which held that in a prosecution for violating Penal Code section 12021, the element of a prior conviction of a felony may not be given to the jury if

the accused stipulates to it, unless the state can demonstrate that application of the rule will impair the People's case or preclude the presentation of alternative theories of guilt. ██ We must decide whether *Hall* should be applied retroactively, and if so, whether one of the exceptions applies to the instant case, and if not, whether the error was prejudicial.

██ In regard to the issue of retroactivity, the law is well summarized in *People v. Cooper* (1979) 94 Cal.App.3d 672 [156 Cal.Rptr. 646]: "Like the United States Supreme Court, California courts use the following criteria to determine whether a new rule of decisional law in criminal cases should be applied retroactively: (1) the purpose of the new rule, (2) the extent of the reliance by law enforcement authorities on the old rule, and (3) the effect on the administration of justice of retrospective application of the new rule. (*People v. Gainer* (1977) 19 Cal.3d 835, 853 ....) The factors of reliance and burden on the administration of justice are of significance only when the question of retroactivity is a close one in light of the purpose of the new rule. (*In re Johnson* (1970) 3 Cal.3d 404, 410 ....)" (*Id.*, at p. 680.) The question before the court in *Cooper* was whether *Pope*[1] should apply retroactively. The panel found that it did, because denial of counsel denies fair trial.

*People v. Gainer, supra*, 19 Cal.3d 835 involved the giving of an *Allen*[2] charge, long used by trial judges for extracting verdicts from deadlocked juries. In holding that it is error for a trial court in a criminal case to give such an instruction, the court stated that the new rule should apply to all cases not final as of the date of the decision. The reasoning was that the disapproval of *Allen*-type charges is not directed at police misconduct, but is aimed at judicial error which significantly infects the factfinding process at trial. The court stated that "... neither judicial reliance on previous appellate endorsements of the charge in this state nor any effects on the administration of justice require us to deny the benefit of this rule to cases now pending on appeal." (*Id.*, at p. 853.)

██ Bringing before the jury a prior felony is highly prejudicial and significantly impairs the reliability of the factfinding process and there-

[1]*People v. Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].

[2]*Allen v. United States* (1896) 164 U.S. 492 [41 L.Ed. 528, 17 S.Ct. 154].

fore denies a fair trial. Although the California Supreme Court gave no guidance as to retroactivity in *Hall*, there is no reason to deny the benefit of the rule to cases now pending on appeal; therefore, the defendant is entitled to the benefit of the *Hall* rule. To the same effect is dicta in *People* v. *Green* (1981) 117 Cal.App.3d 199, 210 [172 Cal.Rptr. 582].

■ One of the exceptions to *Hall* is that the admission of the prior felony does not preclude the prosecutor from introducing evidence of same if it retains some probative value. The exception applies to this case.

The trial court ruled that the prior conviction of grand theft in violation of Penal Code section 487 could be used for impeachment purposes. (Cf. *People* v. *Beagle* (1972) 6 Cal.3d 441, 452 [99 Cal.Rptr. 313, 492 P.2d 1].) The defendant testified and the prior meets impeachment criteria.[3] The jury was properly instructed as to the limitation of the prior to impeachment and to the establishment of the element of the prior conviction. The defendant has argued in a letter brief, submitted in response to this court's request, that *Hall* would be emasculated if the defendant offers to stipulate to his ex-felon status yet the prior felony conviction could nevertheless be used for impeachment purposes. We find nothing in *Hall* that holds that *People* v. *Beagle, supra*, is no longer the law. If proper impeachment by the use of a prior exists, to foreclose it would, in *Hall*'s language, "*legitimately* impair the prosecutor's case." (*People* v. *Hall, supra*, 28 Cal.3d 143, 156, italics original.)

The defendant loses nothing by reason of this holding, for any error was not prejudicial.

There was no question of identity. The only question was whether defendant had a gun in his possession. The chief prosecution witness was impeached in several particulars, but in none which were important. The other evidence against him was particularly strong.

McAtee saw a man's arm extended outside her doorway. She heard a noise, which she thought was a rock hitting the door. Beaudoin, in the same house thought it was a gunshot. A gun was found nearby in a

---

[3]Our case is quite unlike *Hall*, where the prosecution was for a robbery and the prior was armed robbery. The prior in *Hall* would never pass *Beagle* muster. (*People* v. *Fries* (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19].)

hedge area. It was not dusty or dirty and contained an empty cartridge. Another neighbor, Perrine, saw defendant hiding from the police.

Defendant argues that prejudice is readily apparent from the fact that the first time defendant was tried for this same offense (before a different judge) the *Sherren* (*Hall*) stipulation was accepted and the jury deadlocked.

We do not have before us the record of the first trial of this cause. Without the advice of *Hall* as to the proper method of handling the matter of felon status, it is quite likely that the jury rebelled and exercised "its 'naked power' to acquit." (*People* v. *Hall, supra*, 28 Cal.3d at p. 156.)

We find that any error was not prejudicial. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## THE OPENING STATEMENT

■ The trial court admonished counsel that no reference was to be made to the prior trial in which the defendant had been acquitted of assault with intent to commit rape. In his opening statement to the jury, the prosecutor said: "... when he came back inside ... he proceeded immediately over to where Caroline Barker was sitting on a sofa, a fairly small sofa. And he sat down and began to make passes at her and attempted to fondle her. And Caroline Barker rejected that. And she rejected his intentions and pushed his hands away. And David Faught said, 'Don't you push my hands away.' And Caroline Barker got up and attempted to leave and get away. David grabbed her wrist and pulled her back. She pulled away. And about this time the phone rang and it was Vince Avana. Vince Avana was calling, apparently, from the drug store or 7-11 Store where he had gone. He asked if everything was all right. And she said, 'No, it isn't all right. Get back immediately to the apartment.'"

The purpose of opening statements is to outline what the prosecution intends to prove. (*People* v. *Nelson* (1964) 224 Cal.App.2d 238, 252 [36 Cal.Rptr. 385].) When the prosecutor made the above statements, he made "'no more than an objective summary of evidence which [he] reasonably expected to produce' [citation omitted]." (*People* v. *Hernandez* (1970) 11 Cal.App.3d 481, 490 [89 Cal.Rptr. 766].) The only reason the detailed evidence of appellant's conduct toward Ms. Barker

was not actually introduced at trial was because the court expressed its belief to counsel, outside the jury's presence, that such evidence was probably irrelevant or collateral, and counsel and the court agreed to omit detail and limit description of the event to a "pass." (Cf. *id.*, at pp. 490-491.) The evidence was not inadmissible due to appellant's prior acquittal for assault with intent to commit rape. The acquittal was not equivalent to a binding determination that the events or conduct did not occur, merely to the prior jury's finding that the facts were not egregious enough to amount to a crime. The prosecutor's statement contained no reference to a crime or any legal words of art such as "rape" or "assault." It was a restrained summary of what he thought the evidence would show, which is proper conduct, even under the recently established rule that no bad faith need be shown to establish prosecutorial misconduct. (*People v. Bolton* (1979) 23 Cal.3d 208, 213-214 [152 Cal.Rptr. 141, 589 P.2d 396]; *People v. Hernandez, supra,* at p. 490.)

The reference to the "pass" in the opening statement was restrained, brief and noninflammatory. As mentioned above, the prosecutor made no reference to crime or to words descriptive of crime or to any prior trial so that any negative inference the jury could have made was based solely on negative inferences it might draw about a man persisting after his initial physical or romantic overtures were rejected. Since it was not suggested that anyone had considered such conduct criminal, the court properly rejected appellant's subsequent request to tell the jury about the acquittal.

## THE CROSS-APPEAL[4]

■ At the beginning of the trial, defendant admitted that in September 1976 he had been convicted of grand theft in violation of Penal Code section 487, and he had subsequently served a term in state prison for that conviction. Although Penal Code section 667.5, subdivision (b), provides that when a prison term is imposed for a new felony, "the court *shall* impose a [consecutive] one-year term for each prior separate prison term served for any felony" (italics added), the sentencing court in this case declined to do so because it found that the prior conviction was an essential element of the new offense, being an ex-felon in possession of a weapon in violation of Penal Code section 12021.

---

[4]An appeal by the People lies. (Pen. Code, § 1238, subd. (a)(6); *People v. Gaines* (1980) 112 Cal.App.3d 508, 511-514 [169 Cal.Rptr. 381].)

As is explained in *People* v. *Gaines, supra,* 112 Cal.App.3d 508, the fact that the felony term of grand theft was an element of the offense does not change the duty of the sentencing court to add the additional year prescribed in Penal Code section 667.5. As stated in *Gaines, supra,* at page 515: "Section 12021 involves the conduct of those persons who have been convicted of any felony, while section 667.5 addresses itself to that class of prior felonies which have warranted imprisonment. The mandate of section 667.5, subdivision (b), is very clear: . . . 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony . . . .'

"Pursuant to subdivision (c) of section 1170.1, a defendant sentenced for a crime committed on or after July 1, 1977, shall receive the additional term provided in section 667.5 unless the court determines that there are circumstances in mitigation."

*People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369], and *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], prohibited dual use of a prior felony conviction. However, as pointed out in *Gaines,* these cases were decided under the Indeterminate Sentence Law. (*People* v. *Gaines, supra,* 112 Cal.App.3d at p. 516.)

The Determinate Sentencing Act distinguishes between prior felonies for which the defendant did not serve a prior separate term in a state prison and those where he did. Since Penal Code section 667.5, subdivision (b), is explicit in employing the phrase "prior separate prison term served" rather than "prior felony conviction," the prohibited double use of a fact does not occur.

Because the trial court was under the mistaken belief that the prior prison term enhancement legally could not be imposed, it never exercised its discretion as to whether to strike the prior "if it determines that there are circumstances in mitigation of the additional punishment . . . ." (Pen. Code, § 1170.1, subd. (g).) Because defendant is entitled to the exercise of this discretion, the case must be remanded on this issue. (*People* v. *Williams* (1980) 103 Cal.App.3d 507, 519 [163 Cal.Rptr. 169], mod. 104 Cal.App.3d 766e.)

The judgment of conviction is affirmed, and the matter is remanded for the limited purpose of resentencing as to defendant's prior felony conviction.

Franson, Acting P. J., and Pettitt, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1982.

---

*Assigned by the Chairperson of the Judicial Council.