[Crim. No. 12025. Third Dist. June 30, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
ROSS DUANE CARTER, Defendant and Appellant.

536

**COUNSEL**

Robert T. Morris, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Jane Kirkland-Fischer, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

CARR, J.—Defendant was convicted by a jury of the following crimes: count I, attempted murder (Pen. Code, §§ 664/187);[1] count II, forcible rape (§ 261, subd. 2); count III, forcible lewd and lascivious act upon a child under 14 (§ 288, subd. (b)); count IV, forcible oral copulation (§ 288a, subd. (c)); and count V, kidnaping (§ 207). The jury found as to count I defendant had personally inflicted great bodily injury and had personally used a knife (§§ 12022, subd. (b), 12022.7), and as to counts II, III and IV defendant had used a knife and had inflicted great bodily injury (§§ 12022.3, 12022.8). Defendant admitted a prior rape conviction for which he served a prison term.

On appeal defendant contends it was error to include the oral copulation charge in the information after it had been dismissed at the preliminary hearing. He further urges sentencing error through multiple use of his prior conviction. We conclude defendant is wrong regarding the reinstatement of the forcible oral copulation charge but correct in his allegations of sentencing error. We shall order the sentence modified and as modified shall affirm.

FACTS

While waiting outside the bus station in Auburn, 13-year-old Tamara C. was approached by defendant. He asked her a few questions then produced a knife and forced her to walk to his truck. Once in the truck defendant drove off with the knife still in his hand. He ordered Tamara to take off her clothes and move closer to him whereupon he fondled her, including her genitals. Still brandishing the knife and threatening her, defendant forced her to unbutton his pants, fondle his genitals and orally copulate him.

Defendant drove to a rural area where he stopped the truck and ordered Tamara out. He took the still nude girl over a fence and behind some bushes. Defendant ordered Tamara to lie down and he lay on top of her, putting his penis into her vaginal area with his hands. Defendant's penis was not erect and he changed position, putting his genital area over her face and forced her to orally copulate him. After a minute, defendant returned to his original position and again attempted intercourse, this time penetrating her. Tamara complained of the pain and defendant said "of course it hurts." Suddenly defendant attacked her with the knife, stabbing her repeatedly. Tamara struggled with defendant and managed to break free. She ran back to the road, pursued by defendant. Fortuitously, a motorist drove by at that moment and stopped for the bleeding, nude girl. Tamara was taken to a

---

[1]All further statutory references shall be to the Penal Code unless otherwise noted.

hospital by ambulance. Based on her detailed description of defendant and his truck, he was arrested a few days later.

I

Defendant first contends it was error to include the forcible oral copulation charge in the information after it had been dismissed at the preliminary hearing.

■ Initially, we observe he is precluded from raising this issue on appeal by reason of his failure to challenge the information in the trial court by a motion pursuant to Penal Code section 995. Had he made such a motion unsuccessfully, the proper procedure for pretrial review of the superior court's determination was by petition for writ of prohibition. (§§ 995, 999a; *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941]; *People* v. *Beagle* (1972) 6 Cal.3d 441, 458 [99 Cal.Rptr. 313, 492 P.2d 1].) Having failed to pursue either remedy, defendant has waived his right to raise this issue ·on appeal. (*People* v. *Hampton* (1981) 116 Cal.App.3d 193, 197 [172 Cal.Rptr. 25]; *People* v. *Rogers* (1978) 21 Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048].) Assuming arguendo the matter is properly before us (cf. *People* v. *Butler* (1980) 105 Cal.App.3d 585, 588 [164 Cal.Rptr. 475]), we conclude defendant would not have prevailed even had he sought pretrial review, as the decision to include the charge was proper.

■ The information may charge a defendant with any offenses included in the commitment order or any offense which the evidence at the preliminary hearing shows was committed and which arose out of the same transaction as the offenses named in the commitment.[2] (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241].) However, this rule is not applicable if the magistrate made factual findings which are fatal to the asserted offense. If the magistrate expressly or impliedly accepts the evidence and simply reaches the ultimate legal conclusion that it does not provide probable cause to believe the offense was committed, this legal conclusion is open to challenge by adding the offense to the information. (*Pizano* v. *Superior Court* (1978) 21 Cal.3d 128, 133 [145 Cal.Rptr. 524, 577 P.2d 659].)

■ The magistrate herein did not make any findings or give reasons for discharging defendant on the forcible oral copulation charge. Defendant urges the victim's testimony was equivocal on whether she actually touched

---

[2]Defendant does not contend the forcible oral copulation charge was not transactionally related to the other charges for which he was committed.

defendant's genitals with her mouth and the logical inference is the magistrate found that no act of oral copulation had taken place. The record discloses that the magistrate reached a mistaken legal conclusion as to what act was necessary to support the charge.

Tamara testified on direct examination she put her mouth on defendant's penis. On cross-examination she testified she tried to avoid touching his penis and was "faking it" at various times. In argument the prosecutor unwisely conceded "it would appear there is not evidence of a complete act" of oral copulation and the magistrate, without comment, discharged defendant from that count. The magistrate did not disbelieve any of Tamara's testimony as he held defendant to answer on the other charges. He merely accepted the prosecutor's concession the evidence was insufficient to show a "complete act."[3] Both the prosecutor and the magistrate were in error. The offense of forcible oral copulation is complete when the victim's mouth is forcibly placed upon the genital organ of another. (*People* v. *Minor* (1980) 104 Cal.App.3d 194, 197 [163 Cal.Rptr. 501].) The evidence at the preliminary hearing clearly showed a completed act of forced oral copulation.

The magistrate made no factual finding the victim was not forced to place her mouth on defendant's genitals. The finding was the evidence was insufficient to show a "complete act" of oral copulation. This legal conclusion was properly subject to challenge by inclusion of the charge in the information. (*Pizano* v. *Superior Court.* (1978) 21 Cal.3d 128, 133 [145 Cal.Rptr. 524, 577 P.2d 659].) Defendant's conviction of forcible oral copulation is affirmed.

## II

Defendant next contends he was improperly sentenced. The trial court separated his sex offenses from his nonsex offenses pursuant to the "box theory" set out in *People* v. *Ottombrino* (1982) 127 Cal.App.3d 574, 588, footnote 4 [179 Cal.Rptr. 676].[4] The court first gave defendant the upper term of nine years for the attempted murder, three years for the great bodily injury enhancement and stayed the penalty for the use of a knife. The trial court added one year and eight months consecutive for the kidnaping (one-third of the middle term) and three years for the prior prison term under section 667.5, subdivisions (a) and (c), for a total of sixteen years, eight months. The trial court then sentenced defendant for his forcible sex offen-

[3] The prosecutor apparently believed a "complete act" required penetration of the mouth by the penis.

[4] The propriety of this sentencing method is currently before the Supreme Court in *People* v. *Belmontes.*

ses under section 667.6. For the forcible rape the upper term of eight years was imposed with three years added for use of a knife, five years for inflicting great bodily injury and five years for the prior rape conviction. The trial court then stated it believed the intent of section 667.6 was to impose full consecutive sentences for each offense and this required a full five-year enhancement for the prior sex offense added to each new forcible sex conviction, citing *People* v. *Carter* (1980) 104 Cal.App.3d 370, 372 [163 Cal.Rptr. 475], and *People* v. *Gaines* (1980) 112 Cal.App.3d 508 [169 Cal.Rptr. 381]. The court imposed the middle term of five years for the lewd and lascivious act, with a three-year enhancement for use of the knife and five years for the prior rape conviction; and imposed the upper term of eight years for the forcible oral copulation, with three years for the use of a knife and five years for the prior rape conviction. All terms were designed to run consecutively, giving a total of 50 years for the forcible sex offenses. Adding the sentence for the forcible sex offenses to that for the nonsex offenses yielded a total unstayed term of sixty-six years, eight months.[5]

■ Defendant challenges two aspects of his sentence: (1) It was improper to penalize him for his prior rape conviction under both section 667.5 and section 667.6[6] and (2) it was error to impose a five-year enhancement

---

[5]A summary of the sentence imposed is provided:

| | | |
|---|---|---|
| I. A. Attempted murder (upper) | | 9 |
| 1) Great bodily injury | | 3 |
| 2) Use of a knife | | stayed |
| B. Kidnaping (⅓ middle) | | 1.8 |
| C. Prior prison term (§ 667.5, subds. (a), (c)) | | 3 |
| II. A. Forcible rape (upper) | | 8 |
| 1) Use of a knife | | 3 |
| 2) Great bodily injury | | 5 |
| 3) Prior rape conviction (§ 667.6, subd. (a)) | | 5 |
| B. Lewd and lascivious acts (middle) | | 5 |
| 1) Use of a knife | | 3 |
| 2) Prior rape conviction (§ 667.6, subd. (a)) | | 5 |
| C. Forcible oral copulation (upper) | | 8 |
| 1) Use of a knife | | 3 |
| 2) Prior rape conviction (§ 667.6, subd. (a)) | | 5 |
| | Total | 66.8 |

[6]Section 667.5 provides in relevant part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] (a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); . . ."

Section 667.6 provides in relevant part: "(a) Any person who is found guilty of violating subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm who has been convicted previously of any such offense shall receive a five-year enhancement for each such prior conviction . . . . [¶] (c) In lieu of the term provided in Section 1170.1, a full, separate, and

for the same prior on each of the new forcible sex offenses. While we empathize with the trial court's desire to punish this despicable series of crimes as harshly as possible, we conclude defendant's contentions are correct. The trial court, in essence, punished defendant 4 times for his prior rape conviction for a total of 18 years. We conclude the prior may be used but once under these circumstances.

We consider defendant's contention that it was improper to impose punishment for his prior under both sections 667.5 and 667.6. Defendant's stated argument is that section 1170.1, subdivision (a), at the time of his sentencing, provided "the aggregate term of imprisonment . . . shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5 *or* 667.6." (Italics added.) Defendant urges the word "or," is disjunctive and the enhancement for the prior may be imposed pursuant to section 667.5 or section 667.6, but not under both. Defendant's construction of the statute is erroneous, but his basic contention correct. The same prior may not be punished under both sections 667.5 and 667.6, not because section 1170.1, subdivision (a) is in the disjunctive but because it would be double punishment for the same act. (§ 654.)[7] The People present two arguments against applicability of the prohibition against double punishment in these circumstances. Neither is persuasive.

First it is contended that sections 667.5 and 667.6 punish different things; section 667.5, subdivision (a), provides an enhancement for each "prior separate *prison term*," whereas section 667.6, subdivision (a), provides an enhancement where the defendant "has been *convicted* previously of any" enumerated forcible sex offense. (Italics added.) As one statute punishes the prison term, and the other the conviction, it is argued there are two acts and not one. The analogy is drawn to *People* v. *Faught* (1981) 124 Cal.App.3d 848, and *People* v. *Gaines, supra,* 112 Cal.App.3d 508, each of which held the use of a prior to define the crime of possession of a weapon by an ex-felon (§ 12021) and to impose an enhancement (§ 667.5) was not a prohibited dual use of facts. The distinction was drawn between "prior separate prison term served" and "prior felony conviction" (see *People* v. *Faught, supra,* 124 Cal.App.3d at p. 860), but those cases did *not* involve double punishment for the prior. The prior was punished once as an enhancement and further used to define defendant's status. It is this

---

consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. . . .

[7]Section 654 provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

status which makes *possession of a weapon* the crime. The prior is punished as a prior but once. In this case we are dealing with punishment and not definitions. Defendant's prior rape conviction has nothing to do with making his present acts criminal offenses. The fact one statute talks of a "prison term" while the other talks of a "conviction" is a distinction without a difference. It is the prior sex offense that is the "act" for purposes of section 654. The fact that some forcible sex convictions might result in a prison term (punishable under § 667.5) while others may not, does not alter the circumstances of this case, in which defendant's prior rape resulted in both a conviction and a prison term. The prior sex offense is the act which is the object of both statutes and therefore may be punished under either section, but not both.

The People also advance language in section 1170.1, subdivision (i) (see former § 1170.1, subd. (h))[8] as support for punishment of the prior under both sections 667.5 and 667.6. This section provides that for enumerated forcible sex offenses, "the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement." (§ 1170.1, subd. (i).) It is urged this section permits imposition of enhancements under both sections.

The flaw in this reasoning is that this subdivision applies only when the sentence for the sex offenses is being determined under section 1170.1. As noted in *People* v. *Ottombrino, supra,* 127 Cal.App.3d at p. 586, section 667.6, subdivision (c), provides an *alternative* method for punishing these sex offenses, beginning as it does, " '[i]n *lieu of the term provided in* 1170.1, a full, separate, and consecutive term may be imposed' " for each, enumerated sex offense. (Italics added.) ▉ ▉▉▉ ▉ If the sentencing court chooses to use the principal term/subordinate term method prescribed under section 1170.1, subdivision (a) for the sex offenses, then *in that case* subdivision (i)'s provision for unlimited enhancements would come into play.[9] This scheme of sentencing, however, is made expressly

---

[8]Subdivision (h) of section 1170.1, in effect at the time of defendant's sentencing, was redesignated subdivision (i) without any substantive change. (Stats. 1982, ch. 1515, eff. Sept. 30, 1982, ch. 1551, § 1.5.) We will hereafter refer to this provision by its present designation.

[9]It is apparent the Legislature's purpose in enacting subdivision (i) of section 1170.1 was to avoid the prohibition on enhancements for nonviolent subordinate offenses found in section 1170.1, subdivision (a). "The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of section 667.5 shall consist of one-third of the middle term . . . and *shall exclude any* enhancements." (§ 1170.1, subd. (a); italics added.) Subdivision (i) of section 1170.1 includes rape of a victim rendered incapable of

subject to section 654 by section 1170.1, subdivision (a). In this case the defendant's sex offenses were sentenced pursuant to section 667.6, subdivision (c), *in lieu of* section 1170.1, subdivision (a). The provisions of subdivision (i) of section 1170.1 are therefore inapplicable.

Finally, we must consider whether section 654 even applies to enhancements. In *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629], the court stated "[s]ection 654, which precludes multiple punishment for a single offense or course of conduct, is inapplicable to enhancements, because they individually ' " 'do not define a crime or offense but relate to the penalty to be imposed under certain circumstances.' " ' " We agree with the court in *People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 818 [179 Cal.Rptr. 726], that "[w]hile the result reached in *Boerner* was eminently correct, the quoted statement is entirely too broad" and was "wholly unnecessary to the decision." The court in *Moringlane* found the better rule to be that section 654 does apply to prevent multiple sentence enhancements for the same act. *Moringlane* involved three enhancements under section 12022.7 for the infliction of great bodily injury based on a single wound to one victim. (*Id.,* at pp. 816-819.) We conclude that in appropriate circumstances section 654 does proscribe punishing the same act twice under different enhancement statutes.[10] These are just such circumstances and either the enhancement under section 667.5 or the enhancements under 667.6 must be stricken. The trial court's oral pronouncement of sentence indicates a desire to impose the greater of the two punishments should any of the enhancements be invalidated. Accordingly, the three-year enhancement imposed pursuant to section 667.5 shall be stricken.

---

resisting by a narcotic or intoxicating substance (§ 261, subd. (3)), rape in concert (§ 264.1), and anal or genital penetration by a foreign object (§ 289) which, for whatever reason, are not defined as "violent felonies" by subdivision (c) of section 667.5. Moreover, for those crimes which are *not* defined as violent felonies, "[i]n no case shall the total of subordinate terms for such consecutive offenses . . . exceed five years." (§ 1170.1, subd. (a).)

In addition to avoiding the above prohibitions the Legislature undoubtedly sought to escape the implied limitation on enhancements for those forcible sex offenses which *are* defined as violent felonies by section 667.5, subdivision (c). "The subordinate term for each consecutive offense which is a 'violent felony' . . . shall consist of one-third of the middle term . . . and shall include *one-third* of any enhancements imposed pursuant to Section 12022, 12022.5 and 12022.7." (§ 1170.1, subd. (a); italics added.) In the case of the forcible sex offenses, section 1170.1, subdivision (i) would allow the imposition of *full* enhancements, rather than one-third, and would allow imposition of enhancements pursuant to sections 12022.3 and 12022.8 which are not mentioned in section 1170.1, subdivision (a).

[10]Our opinion in *People* v. *Stiltner* (1982) 132 Cal.App.3d 216 [182 Cal.Rptr. 790] does not compel a different result. In that case we repeated the statement from *Boerner* that section 654 has been held inapplicable to enhancements (p. 229), but the statement was unnecessary to the decision as the enhancements at issue were for the "use" of a firearm and being "armed" with a knife during the offense of forcible oral copulation. (*Id.,* at p. 228.) (§ 12022.3, subds. (a), (b).) In *Stiltner* there were manifestly *two* acts which could be punished, and not just one. (See *id.,* at p. 232.)

We now consider whether the trial court correctly imposed three 5-year enhancements under section 667.6, subdivision (a), for the one prior rape conviction.[11]

In imposing three 5-year enhancements the trial court cited two reasons for its actions. It first reasoned the prohibition on multiple enhancements found in section 1170.1 did not apply where the sentencing was done under section 667.6, citing *People* v. *Ottombrino, supra,* 127 Cal.App.3d 574; and second, that the legislative intent behind section 667.6 was to impose "full consecutive sentences," meaning that each conviction for a forcible sex crime should be enhanced on account of the prior conviction. We find neither of these reasons persuasive.

Section 667.6, subdivision (a), provides: "Any person who is found guilty of [enumerated forcible sex offenses] . . . who has been convicted previously of any such offense shall receive a five-year enhancement for each such prior conviction . . . ." Both the trial court and the Attorney General read this section to mean defendant must receive five-year enhancement for *each* prior conviction added to *each new* conviction. We find this latter phrase regarding each *new* conviction conspicuously absent from the language of the statute. The section is plainly limited to *"an"* enhancement for *"each"* prior conviction; one prior—one enhancement. Section 667.5 uses similar language in imposing enhancements for prior prison terms; this language has uniformly been interpreted to mean that if defendant has one prior prison term and commits several new offenses, only *one* enhancement for the prior is imposed, not one enhancement on each new conviction. (See, e.g., *In re Clawson* (1981) 122 Cal.App.3d 222, 225 [175 Cal.Rptr. 732]; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 706 [173 Cal.Rptr. 71].)[12] We perceive the plain meaning of section 667.6, subdivision (a) must be construed in a similar manner, to provide for *"an"* (one) enhancement for each prior forcible sex conviction.

Nothing in *People* v. *Ottombrino* requires a different result. *Ottombrino* simply held that sentences for forcible sex offenses could be computed under section 667.6, separately from any nonsex offenses sentenced pursuant to section 1170.1. (*People* v. *Ottombrino, supra,* 127 Cal.App.3d at pp. 586-587.) The trial court's error was in construing this language to mean it could

---

[11]We note this precise issue is now pending before the California Supreme Court in *People* v. *Tassel.*∎

[12]Section 667.5, subdivision (a), provides in relevant part: "[T]he court shall impose *a* three-year term for *each prior* separate prison term . . . ." (Italics added.)

impose three entirely separate *sentences,* each subject to enhancement for the prior, instead of three separate *terms* which when added together under subdivision (c) of section 667.6 were subject to enhancement for the prior under subdivision (a) of section 667.6. *Ottombrino* itself provides some clarification by pointing out "a term set pursuant to section 667.6, whether a prior prison term [§ 667.6, subd. (a)] or a term for a criminal offense [§ 667.6, subd. (c)], must be added to the other terms set to ultimately compute the final aggregate term." (*People* v. *Ottombrino, supra,* 127 Cal.App.3d at p. 587.) The clear import of this language is that the trial court may impose full, separate and consecutive terms for each new forcible sex offense, including any enhancements relating specifically to that offense (§ 667.6, subd. (c)), and then add the appropriate term for defendant's prior sex convictions (either five or ten years for each prior based on the number of prior convictions (§ 667.6, subds. (a), (b)), to arrive at the total term for the forcible sex offense "box."

We conclude defendant has correctly pointed out the errors in his sentencing. The trial court erroneously read section 667.6 to require three 5-year enhancements for defendant's single prior conviction when the statute authorizes but one term. The trial court also erred in imposing sentences under both sections 667.5 and 667.6 for the same prior sex offense in violation of section 654. Defendant's prior may be used once, not four times. Accordingly, the five-year enhancements imposed pursuant to section 667.6 on counts III and IV (lewd acts, forcible oral copulation) are ordered stricken as unauthorized by statute. The five-year enhancement imposed pursuant to section 667.6 on count II (rape) is affirmed. The three-year sentence for defendant's prior prison term imposed pursuant to section 667.5 is ordered stricken. The trial court is directed to modify the abstract of judgment accordingly and to forward a copy of the amended abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

Evans, Acting P. J., and Blease, J., concurred.