[Crim. No. 15730. Fourth Dist., Div. One. June 21, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD RAUL RIVERA, Defendant and Respondent.

COUNSEL

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.

Charles M. Sevilla, under appointment by the Court of Appeal, and Cleary & Sevilla for Defendant and Respondent.

OPINION

BUTLER, J.—Richard Raul Rivera pays his third visit to this court. The first time, we affirmed his convictions for assault with intent to commit murder with enhancing allegations and first degree burglary (*People* v. *Rivera* (1981) 127 Cal.App.3d 136 [179 Cal.Rptr. 384]). The second time, we agreed with him the court failed to consider the Board of Prison Terms' determination Rivera's sentence of ten years and four months (six years for the assault, three years for the great bodily injury enhancement and a sixteen-month consecutive sentence for the burglary) was disparate, i.e., the burglary sentence should have been concurrent, not consecutive. The Supreme Court ordered our opinion on that appeal depublished (*People* v. *Rivera* * (Cal.App.)). The depublished opinion continues to be the law of the case. (Cal. Rules of Court, rule 977(b).)

This time around, Rivera is the respondent. The People now appeal his resentence on the burglary conviction to be concurrent and not consecutive with the assault and enhancement for a total of nine years. The People

---

*Reporter's Note: Deleted on direction of Supreme Court by order date June 16, 1983.

contend the court failed to exercise its independent judgment and simply reduced in robot fashion the sentence to conform with the board's views.

## I

We address appealability by the People of the resentencing, having earlier in our depublished opinion upheld Rivera's right to appeal the court's finding the sentence was not disparate (*People* v. *Rivera, supra,* (Cal.App.)).

Upon our remand to consider Rivera's sentence and consistent with the procedural requirements of Penal Code section 1170, subdivision (f)(1),[1] the court scheduled a hearing, recalled the previously ordered sentence and commitment order, and resentenced Rivera on the burglary conviction to a term concurrent with the assault and enhancement sentences.

██ The right of the People to appeal in criminal cases is limited to the circumstances set out in section 1238 (*People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622]). ██ Here, the People claim their right to appeal under section 1238, subdivision (a)(5), as well as subdivision (a)(6).

## II

Section 1238, subdivision (a)(5), provides: "(a) An appeal may be taken by the people from any of the following:

". . . . . . . . . . . . . . . . . . . . .

"(5) An order made after judgment, affecting the substantial rights of the people."

Section 1170, subdivision (f)(1), requires the court to schedule a hearing on the Board of Prison Terms' report of disparate sentencing. After the

---

[1]All statutory references are to the Penal Code.

Section 1170, subdivision (f)(1), provides: "Within one year after the commencement of the term of imprisonment, the Board of Prison Terms shall review the sentence to determine whether the sentence is disparate in comparison with the sentences imposed in similar cases. If the Board of Prison Terms determines that the sentence is disparate, the board shall notify the judge, the district attorney, the defense attorney, the defendant, and the Judicial Council. The notification shall include a statement of the reasons for finding the sentence disparate.

"Within 120 days of receipt of this information, the sentencing court shall schedule a hearing and may recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if the defendant had not been sentenced previously, provided the new sentence is no greater than the initial sentence. In resentencing under this subdivision the court shall apply the sentencing rules of the Judicial Council and shall consider the information provided by the Board of Prison Terms."

hearing, the court "may recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if the defendant had not been sentenced previously" provided the new sentence is not greater than the initial sentencing.

The record does not inform concerning the procedure used by the court to schedule the hearing. We assume the court calendared the hearing on its own motion. *People* v. *Herrera* (1982) 127 Cal.App.3d 590, 596 [179 Cal.Rptr. 694], held a defendant could appeal an order denying a motion by the Board of Prison Terms to reduce a disparate sentence. Section 1237, subdivision 2, allows an appeal to be taken by a defendant "[f]rom any order made after judgment, affecting the substantial rights of the party." *Herrera* concluded the *denial* of the motion was an order affecting a substantial right of the defendant and thus appealable, reasoning the affected right "[is] to receive a sentence which is not disparate when compared to sentences received by other similarly situated convicts. Underlying this is appellant's *right to liberty—and to suffer only that deprivation of liberty* which his crimes warrant." (*Id.*, at p. 596.)

The People here equate the language in section 1237, subdivision 2, "affecting the substantial rights of the party" with the wording of section 1238, subdivision (a)(5), "affecting the substantial rights of the people" and argue their affected substantial rights are to compel the court to follow sentencing rules, to exercise its discretion and act as a branch of government independent of the executive authority, i.e., the Board of Prison Terms; for failure so to act, a defendant posing a danger to society will be released before serving an appropriate term.

The argument overlooks what the court did. Here, an *order* did not issue. The court recalled Rivera's initial sentence and commitment and "resentenced" him as if he "had not been sentenced previously." (§ 1170, subd. (f)(1).) The resentence became the sentence and thus the judgment. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 869-870 [338 P.2d 182].) Orders made *after* judgment are appealable by the People. (*People* v. *Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal.Rptr. 40, 591 P.2d 63]; *People* v. *Minjarez* (1980) 102 Cal.App.3d 309, 312 [162 Cal.Rptr. 292].) We conclude the appeal here, in effect, is from the judgment, is not from an *order* after judgment and is not permitted under section 1238, subdivision (a)(5). We need not address whether the grounds argued affect a "substantial right" of the People.

### III

We turn to appealability under section 1238, subdivision (a)(6), which provides: "(a) An appeal may be taken by the people from any of the following:

" . . . . . . . . . . . . . . . . . . . . .

"(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense."

Having concluded the resentencing constituted a judgment, it is apparent subdivision (a)(6) explicating "[a]n order" is not applicable. The imposition of the concurrent sentence did not modify a verdict or a finding by reducing the degree of the offense, the punishment imposed or modifying the offense to a lesser one. The resentencing was the imposition of sentence, a judgment. The People's reliance on *People* v. *Gaines* (1980) 112 Cal.App.3d 508 [169 Cal.Rptr. 381], as authorizing this appeal under section 1238, subdivision (a)(6), is misplaced. There, contrary to the mandate of section 667.5, subdivision (b), following a guilty plea the court failed to impose prior prison term enhancements on a sentence consecutive to a sentence imposed in another county. *Gaines* reasoned the failure to sentence on the enhancements, contrary to law, modified the guilty plea, the equivalent of a verdict or finding, by reducing the punishment which should have been imposed. Section 1238, subdivision (a)(6), thus allowed the appeal.

Here, the court followed the mandate of section 1170, subdivision (f)(1), and resentenced Rivera to the concurrent term recommended by the Board of Prison Terms. The People's contention the failure of the court to exercise its independent sentencing judgment in deference to the Board's recommendation is not supported by the record. Cleansed of rhetoric, the court noted its original consecutive sentence was marginal at best and accepted the Board's disparate finding. Were we to agree with the People, our conclusion would nevertheless stand. The argument an appeal lies for failure of the court to exercise independent judgment should be addressed to the Legislature. We do not expand by judicial fiat the grounds specified by the Legislature allowing appeal by the people. (*People* v. *Drake, supra,* 19 Cal.3d 749, 754.)

Appeal dismissed.

Brown (Gerald), P. J., and Work, J., concurred.

A petition for a rehearing was denied July 20, 1984, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1984.