*See Dissenting Opinion*

Filed 4/30/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073187 |
| v. | (Super.Ct.No. CR57408) |
| TONY FLORES TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa

Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

In May 2019, the Board of Parole Hearings (the Board) recommended that defendant and appellant, Tony Flores Torres, be granted a "compassionate release" and his sentenced recalled under Penal Code[1] section 1170, subdivision (e) on the grounds he has less than six months to live and no longer poses a danger to society. Based on the Board's recommendation, defendant filed a motion for compassionate release, which the trial court denied in July 2019.

On appeal, defendant asserts the trial court abused its discretion because the trial court found he had satisfied the requirements of section 1170, subdivision (e), yet denied his motion because he "did not deserve compassionate release" due to his past and lack of remorse for his offense.

Because it was undisputed defendant satisfied section 1170, subdivision (e)'s requirements and the trial court denied his motion for improper reasons, we reverse.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, defendant was sentenced to 29 years to life for first degree murder. Around April 2019, defendant requested a compassionate release under section 1170, subdivision (e).

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

In response to defendant's request, the Department of Corrections and Rehabilitation's California Medical Facility prepared a Diagnostic Study and Evaluation Report (the Report). Its authors[2] described defendant's condition in April 2019 as follows: Defendant is "totally Medically Disable[d] due to his current medical condition." "[Defendant], 76 years-old, who is currently residing in the hospice unit . . . has been diagnosed with widely metastatic prostate cancer. He received 45 radiation treatments. In February 2019, widely metastatic disease was found. Metastases to his neck compromised his spinal cord and necessitated surgical interventions to several vertebrae. He has left-side weakness because of his spinal disease. He requires a permanent hard cervical collar to stabilize his neck." "*[Defendant] does not retain the capacity to commit or to influence others to commit criminal acts that endanger public safety"* . . . and is permanently in a wheelchair due to left-side weakness. "His daughter . . . would care for him in her home under home hospice care should he be released." (Italics added.)

_____

[2] A correctional counselor at the California Medical Facility prepared the report. A classification and parole representative and warden of the California Medical Facility, both of whom signed the report, seemingly concurred in its findings and recommendations because nothing in the record suggests they disagreed with any aspect of the Report.

In May 2019, an en banc panel of the Board[3] found that defendant was eligible for compassionate release under section 1170, subdivision (e) because he had been diagnosed with terminal cancer, Board physicians determined he had less than six months to live (§ 1170, subd. (e)(2)(A)), and he could be released without posing a threat to public safety (§ 1170, subd. (e)(2)(B)).  Based on the Board's recommendation, defendant filed a motion for compassionate release under section 1170, subdivision (e) in the trial court in June 2019.

In July 2019, the trial court denied the motion.  The trial court noted it was undisputed that defendant's physicians determined he had less than six months left to live.  The trial court therefore found that defendant had satisfied section 1170, subdivision (e)(2)(A).

As to whether defendant would pose a danger to society if released, the trial court found that it was "a close call" because elderly people in wheelchairs can commit crimes.  But given defendant's medical condition and his being "wheelchair bound," the trial court found "it would be a stretch to suggest that . . . he still poses a danger to society."  The trial court thus found that defendant met the requirements for compassionate release under section 1170, subdivision (e).

---

[3]  The composition of the en banc panel and how it voted are not clear from the record.  One panel member moved to approve defendant's request for a compassionate release, another member seconded the motion, and it was approved "by a majority of the [panel] present."  One panel member was not present.

Nonetheless, the trial court concluded that whether to release defendant was "a discretionary call" because section 1170, subdivision (e) indicates "that some people are going to die in prison," which is "why the [c]ourt is given discretion." In the trial court's view, defendant was "not a nice person," "a brutal person," and "as far as expressing serious remorse . . . he came late to this party." The trial court therefore denied defendant's motion.

After the trial court announced its decision, defense counsel asked, "does the [c]ourt say that [defendant] meets the criteria; he does not pose a risk, but you're still exercising your discretion to not release him?" The trial court responded, "That is correct. It is because of his extraordinarily violent nature and because of his extraordinarily callous behavior, and I find that his comments of remorse are basically when he was on death's door." The court continued, "[defendant] is not one of the people the [c]ourt's going to exercise its discretion for . . . . [¶] There's a population of people going [*sic*] to reach this stage. Some of them deserve compassionate relief. Some of them don't. It's not mandatory, which means, I have to differentiate between those folks. Not this person."

## III.

## DISCUSSION

On appeal, the parties dispute whether the trial court had the discretion to deny defendant's request for a compassionate release even though it found that he satisfied section 1170, subdivision (e)'s requirements. Defendant contends that, because he

5

satisfied section 1170, subdivision (e)'s criteria, the trial court abused its discretion by denying him a compassionate release on the ground that he did not deserve to be released due to his violent past and lack of remorse. The People do not dispute that defendant satisfied section 1170, subdivision (e), but argue his release "would not sufficiently punish [defendant] or protect [his victim's family's] constitutional right to have appellant sufficiently punished for his murder."

At the outset, we emphasize that the People implicitly concede that defendant's release would not pose a threat to public safety. Although the People argued below that defendant's release would pose a threat to his victim's family members because he conceivably could shoot a gun, the trial court rejected the People's contention and found that defendant would not pose a risk to public safety if released. The People do not challenge that finding on appeal.

As the Report indicated, defendant is critically ill, wheelchair-bound, and requires a cervical collar at all times to support his head due to a surgery-related neck injury. The Report's authors and the Board therefore found that defendant would not pose a threat to public safety if released due to his medical condition. In light of these undisputed facts and unchallenged findings, the trial court's conclusion that defendant's release would not pose a threat to public safety is supported by substantial evidence, so we are bound by it. (*People v. Robinson* (2010) 47 Cal.4th 1104, 1126 [trial court's factual finding upheld if supported by substantial evidence].)

The only issue on appeal, then, is whether the trial court abused its discretion by denying defendant's motion for compassionate release even though the trial court found he had satisfied section 1170, subdivisions (e)(2)(A) and (B).

A. *Standard of Review*

"The interpretation of section 1170, subdivision (e) is a question of law that we review de novo." (*Martinez v. Board of Parole Hearings* (2010) 183 Cal.App.4th 578, 587 (*Martinez*).) When, as here, the trial court's factual findings are undisputed, we review a trial court's decision granting or denying a request for a compassionate release for an abuse of discretion. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).) A trial court abuses its discretion "'where no reasonable basis for the action is shown. [Citation.]'" (*Nalian Truck Lines, Inc. v. Nakano Warehouse & Transportation Corp.* (1992) 6 Cal.App.4th 1256, 1261.)

B. *Analysis*

Certain inmates with a terminal illness may be eligible under section 1170, subdivision (e) for a "compassionate release."[4] The Board "may recommend to the court that the prisoner's sentence be recalled" and that the prisoner receive a compassionate release if "(A) The prisoner is terminally ill with an incurable condition caused by an illness or disease that would produce death within six months, as determined by a physician employed by the department" and "(B) The conditions under which the

---

[4] Section 1170, subdivision (e) does not apply to inmates serving a sentence of death or life without the possibility of parole, or a sentence for murdering a peace officer. (§§ 1170, subd. (e); 1170.02.)

7

prisoner would be released or receive treatment do not pose a threat to public safety."

(§ 1170, subd. (e)(2)(A)-(B).) If the Board so recommends, and if the trial court also

finds that these two conditions are met, the trial court "shall have the discretion to

resentence or recall." (§ 1170, subd. (e)(2).)

The trial court interpreted this language to mean that, even if a defendant satisfies

section 1170, subdivision (e)'s requirements, the court may deny the defendant's request

for a compassionate release on other grounds. The trial court therefore denied

defendant's request because, in the trial court's view, he did not deserve a compassionate

release, even though he fulfilled section 1170, subdivision (e)'s criteria.

Section 1170, subdivision (e)'s "primary purpose" is to save "the state money by

authorizing the release from prison custody of those inmates who are terminally ill or

permanently medically incapacitated and do not pose a threat to public safety."

(*Martinez*, *supra*, 183 Cal.App.4th at p. 582.) The Legislature originally enacted section

1170, subdivision (e) "to fast track the release of prisoners with AIDS and other terminal

illnesses." (Sen. Com. on Public Safety, Rep. on Assem. Bill No. 29 (1997-1998 Reg.

Sess.) Apr. 15, 1997, p. 2.) The law's proponents estimated it would save the state

several millions of dollars in funds that otherwise would be used on end-of-life healthcare

for inmates. (*Martinez*, *supra*, at pp. 590-591.) Ten years later, the Legislature amended

section 1170, subdivision (e) to "extend those provisions for early release to prisoners

who are permanently medically incapacitated and whose release is deemed not to threaten

public safety." (Legis. Counsel's Dig., Assem. Bill No. 1539 (2007-2008 Reg. Sess.).)

We must interpret statutes in a manner that "comports most closely with the apparent intent of the Legislature, to promote rather than defeat the statute's general purpose and to avoid an interpretation that would lead to absurd and unintended consequences.  [Citation.]  We must not construe a statute in a manner that renders its provisions essentially nugatory or ineffective, particularly when that interpretation would frustrate the underlying legislative purpose.  [Citation.]"  (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.)  We therefore must interpret section 1170, subdivision (e) in a manner that furthers its "primary purpose" of saving the state money.  (See *Martinez*, *supra*, 183 Cal.App.4th at p. 582.)

For instance, in *Martinez*, the court evaluated the Board's discretion under section 1170, subdivision (e) in light of the statute's "fiscal purpose."  (*Martinez*, *supra*, 183 Cal.App.4th at p. 594.)  Section 1170, subdivision (e) provides that the Board "'may recommend'" to the court that the defendant be granted a compassionate release.  In *Martinez*, a defendant filed for a compassionate release, but the Board denied the request without finding whether the defendant satisfied the criteria of section 1170, subdivision (e)(2).  (*Martinez*, *supra*, at p. 581.)  The Board denied the request by considering "'factors and criteria outside the scope of its authority,' i.e., that [the defendant's] period of confinement should be proportionate to the seriousness of his crimes and that, because of the nature of his crimes and his continually abusive behavior in prison, an early release would not be in the interest of justice."  (*Ibid.*)

9

The *Martinez* court held the Board erred in both respects. (*Martinez*, *supra*, 183 Cal.App.4th at p. 593.) First, the court rejected the Board's assertion that it had discretion to deny recommending a compassionate release for the defendant because section 1170, subdivision (e) states that the Board "may recommend" such a release, which implied that its recommendation was discretionary, not mandatory. (*Martinez*, *supra*, at p. 592.) The court explained that, in light of section 1170, subdivision (e)'s money-saving goal, courts "must interpret the word 'may' in the phrase 'the board may recommend to the court that the prisoner's sentence be recalled [if the prisoner meets the criteria set forth in subdivision (e) of section 1170]' in a way that effectuates the provision's primary purpose of saving the state money." (*Martinez*, *supra*, at p. 592.) The court concluded that "'may' has to be read to mean that [the Board] may (in the sense of being authorized to do so) recommend the recall of sentence and release of such an inmate, but *must* so recommend if the prisoner meets the statutory criteria." (*Ibid.*, italics added.) The court reasoned that this interpretation of the Board's discretion under section 1170, subdivision (e) was necessary because "the fiscal purpose of the legislation would be thwarted if [the Board] ha[d] the discretion to not recommend recall of sentence and release even if the statutory criteria are met." (*Martinez*, *supra*, at p. 592.)

Second, the *Martinez* court held—and the Board conceded—that "only facts relating to the criteria set forth in section 1170, subdivision (e)(2)(A), (B), and (C) may be considered by [the Board] in determining whether a prisoner is eligible for resentencing and release from custody pursuant to this statutory scheme." (*Martinez*,

10

*supra*, 183 Cal.App.4th at p. 592.)  Thus, under *Martinez*, in determining whether to recommend if an inmate should receive a compassionate release, the Board may consider only section 1170, subdivision (e)'s criteria—whether a Board physician has determined that an inmate has less than six months to live and whether the inmate's release would pose a risk to public safety.

In deciding whether to grant a motion for compassionate release, we conclude trial courts are likewise limited to those considerations.  Before section 1170, subdivision (e)'s enactment, trial courts lost the authority to recall a defendant's sentence or resentence a defendant 120 days after initial sentencing.  (See *Dix v. Superior Court* (1991) 53 Cal.3d 442.)  Section 1170, subdivision (e)(2) therefore gave trial courts "the discretion to resentence or recall *if* the court" finds that the statute's requirements are satisfied.  (Italics added.)  Thus, the trial court's discretion is necessarily tied to the criteria of section 1170, subdivision (e)(2).  (*Loper*, *supra*, 60 Cal.4th 1161, fn. 3.)  As the California Supreme Court indicated, "although section 1170[, subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria."  (See *ibid.*)

In enacting section 1170, subdivision (e), the Legislature decided which inmates deserve a compassionate release and the circumstances that would justify one.  The Legislature specifically excluded inmates serving a death sentence or life without the possibility of parole from receiving a compassionate release, as well as those who are

11

convicted of first degree murder for killing a peace officer. (§ 1170, subd. (e)(2)(C) ["This subdivision does not apply to a prisoner sentenced to death or a term of life without the possibility of parole."]; § 1170.02 ["A prisoner is not eligible for resentence or recall pursuant to subdivision (e) of [s]ection 1170 if he or she was convicted of first-degree murder if the victim was a peace officer."].) In doing so, the Legislature determined that those inmates do not deserve a compassionate release and should serve their sentences in prison. By excluding only those inmates from receiving a compassionate release, the Legislature indicated that all other inmates are entitled to one so long as they satisfy section 1170, subdivision (e)'s criteria. (See *In re Lance W.* (1985) 37 Cal.3d 873, 888 [inclusion of one thing in a statute implies the exclusion of the other].) Whether an inmate is remorseful or whether the trial court believes the inmate deserves to remain incarcerated for reasons unrelated to public safety are not among those criteria.

Although *Martinez* addressed the Board's discretion, its reasoning applies equally to the trial court's discretion under section 1170, subdivision (e)(2). Just as the statute's purpose of saving the state's resources is "thwarted" when the Board declines to recommend granting a compassionate release to an inmate who satisfies section 1170, subdivision (e)(2)'s requirements, the statute's purpose is likewise thwarted when a trial court denies an inmate a compassionate release even though he or she is statutorily qualifies for one. In both situations, the result is the same—an inmate the Legislature sought to release as a compassionate, cost-saving measure remains incarcerated,

12

expending the state's resources that section 1170, subdivision (e) was enacted to preserve.

We therefore agree with *Martinez* that the inmate's past and behavior are relevant only insofar as they relate to the safety risk, if any, that the inmate's release would pose. (§ 1170, subd. (e)(2)(B).) We likewise agree with *Martinez* that considering whether the inmate deserves to remain—and die—in prison as punishment for his or her offenses or behavior is improper. (See *Martinez*, *supra*, 183 Cal.App.4th at p. 592; see also *id.* at p. 603 (dis. and con. op. of Sims, J. ["keeping Martinez in prison to punish him for his serious commitment offenses and for his disrespectful attitude toward prison nurses . . . are not proper factors upon which to deny a petition under section 1170"].) Denying a request for compassionate release based on these considerations, neither of which is contemplated by section 1170, subdivision (e), frustrates the statute's goals.

Although the trial court found that defendant satisfied section 1170, subdivision (e)(2)'s requirements, including that defendant's release would not pose a threat to the public, the trial court nonetheless found that it had the discretion to deny defendant's request because section 1170, subdivision (e) provides the trial court shall have the discretion to do so. We reiterate the Supreme Court's observation that a trial court's "discretion is not unfettered when evidence is presented satisfying [section 1170, subdivision (e)(2)'s] criteria." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.) To further the Legislature's intent underlying section 1170, subdivision (e), the statute's language that the trial court "shall have the discretion" to release an inmate who satisfies section 1170,

subdivision (e)(2)'s requirements must be read to further section 1170, subdivision (e)'s "primary purpose" of saving the state money. If the trial court concludes section 1170, subdivision (e)(2)'s criteria are met, it then must exercise its discretion to determine whether the defendant's immediate release from prison should be effectuated by recalling the defendant's sentence or resentencing the defendant to a sentence that would allow immediate release from prison. (§ 1170, subd. (e)(2) [compassionate release must be via "resentence or recall"]; § 1170, subd. (e)(9) ["If the court grants the recall and resentencing application, the prisoner shall be released by the department within 48 hours of receipt of the court's order, unless a longer time period is agreed to by the inmate."].) To deny an inmate's request for a compassionate release because the trial court thinks the inmate does not deserve to be released, even if he or she satisfies section 1170, subdivision (e)'s requirements, circumvents the Legislature's intent underlying the statute and hinders its goals.

We therefore conclude the trial court denied defendant's request for a compassionate release for improper reasons. Although the trial court has discretion under section 1170, subdivision (e), that discretion must be exercised based on appropriate considerations. By denying defendant's request for a compassionate release because the trial court believed he did not deserve to be released due to his past, the nature of his offense, and his belated lack of remorse, the trial court relied on inappropriate considerations and, in turn, abused its discretion. (*People v. Whitaker* (2013) 213 Cal.App.4th 999, 1008 ["Generally, a trial court abuses its discretion by basing a

14

discretionary decision on improper factors. [Citations.]"]; *People v. Carmony* (2004) 33 Cal.4th 367, 378 [trial court abuses its discretion if it considers "impermissible factors" in exercising its discretion]; *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision"].)

The trial court's error was prejudicial. Had the trial court considered only section 1170, subdivision (e)(2)'s requirements and the statute's purposes, the trial court likely would have granted defendant's motion for a compassionate release. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.) As noted, it was undisputed that defendant's physicians determined that, at the time of his June 2019 motion, he likely had less than six months left to live. The three medical professionals who prepared the Report found that defendant no longer posed a threat to public safety. An en banc panel of the Board agreed, as did the trial court. Notably, the People do not challenge any of these findings on appeal. The evidence that defendant's release would not pose a threat to public safety is therefore overwhelming—and undisputed on appeal. Because the undisputed evidence shows defendant satisfied the requirements of section 1170, subdivision (e)(2) and because his release would further the statute's fiscal purpose, the trial court erred in denying defendant's motion for a compassionate release. We therefore reverse and remand with directions.

Our dissenting colleague believes our interpretation and application of section 1170, subdivision (e) is not reasonable here for three principal reasons. First, our

dissenting colleague believes the criteria for compassionate release in section 1170, subdivision (e)(2) provide only "criteria for eligibility" for compassionate release, and that the trial court retains the discretion to deny compassionate release based on other unidentified criteria. But as our Supreme Court stated in *Loper*, the fact that section 1170, subdivision (e) provides "clear criteria" for compassionate release "suggest[s] that [the trial court's] discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.)

Our dissenting colleague contends that the Legislature "routinely confers discretion on the trial court without specifying the criteria to be considered in exercising it," and notes three statutes that allow trial courts to exercise their discretion when sentencing to "serve[] the interest of justice, with no specification of any criteria for making that determination." That may be true, but section 1170, subdivision (e) provides "clear criteria." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.) If the Legislature wanted the trial court to consider other criteria in determining whether to grant a compassionate release, it would have enumerated those criteria. (E.g., § 1170, subd. (d)(2)(G) ["The court shall have the discretion to resentence the defendant . . . . The discretion of the court shall be exercised in consideration of the criteria in subparagraph (F)"]; § 1170, subd. (d)(2)(I) ["In addition to the criteria in subparagraph (F), the court may consider any other criteria that the court deems relevant to its decision, so long as the court identifies them on the record, provides a statement of reasons for adopting them, and states why the defendant does or does not satisfy the criteria."].) More specifically, if the Legislature

16

wanted trial courts to consider the factors that the trial court here considered, such as the defendant's criminal history, callous behavior, and lack of remorse, it would have indicated somewhere that those factors are relevant. The Legislature has not done so beyond providing that inmates serving a death sentence, a life sentence without the possibility of parole, or a sentence for first degree murder of a peace officer are not eligible for a compassionate release. If the Legislature thought trial courts should consider other criteria, it presumably would have provided trial courts with wider, more malleable discretion, such as allowing them to consider whether a compassionate release would "further the interests of justice" or to consider "any other criteria that the court deems relevant to its decision." (§ 1170, subd. (d)(2)(I).) Instead, the Legislature outlined only limited, "clear criteria" in section 1170, subdivision (e).

Second, our dissenting colleague claims section 1170, subdivision (e) "accords no significance to the distinction between recall and resentencing" and "treats them as materially indistinguishable." Our dissenting colleague also contends it makes "no sense" for section 1170, subdivision (e) to treat the recall of a sentence that effectuates a compassionate release differently from a resentencing that does so. We disagree.

Section 1170, subdivision (e)(2) states that the trial court has the option to recall the defendant's sentence entirely *or* to resentence the defendant. We must interpret statutes in a manner that gives significance to each word and avoids redundancies. (*Pacific Legal Foundation v. Unemployment Ins. Appeals Bd*. (1981) 29 Cal.3d 101, 114.) The Legislature would not have explicitly provided the trial court with two options

if they were "materially indistinguishable." This makes sense because recalling a defendant's sentence and resentencing a defendant to a different term of imprisonment are not indistinguishable; they are inherently different mechanisms.

A recalled sentence is effectively vacated. (See *In re Acker* (1984) 158 Cal.App.3d 888, 891 ["A prison sentence recalled pursuant to section 1170, subdivision (d) is vacated for all intents and purposes, not completed"]; *People v. Rivera* (1984) 157 Cal.App.3d 494, 497 ["The court recalled Rivera's initial sentence and commitment and "resentenced" him as if he "had not been sentenced previously." [Citation.] The resentence became the sentence and thus the judgment."].) By contrast, a defendant who is resentenced in order to effect a compassionate release may be subject to parole or postrelease community supervision. (§ 3000 ["A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision...."]; § 3451 [except for defendants convicted of certain serious offenses, "all persons released from prison . . . shall, upon release from prison . . . be subject to community supervision"].)

Our dissenting colleague argues our interpretation of section 1170, subdivision (e) is faulty, in part because the statute does not "identify any criteria" that the trial court must consider in deciding whether to recall or resentence after determining that the inmate is eligible for a compassionate release. But section 1170, subdivision (e) requires that the Board submit a "postrelease plan" for the inmate to the trial court and that the trial court consider the "conditions under which the prisoner would be released" in

18

determining whether the inmate can be released without posing a threat to public safety. The trial court therefore must determine whether an inmate's sentence may be recalled without threatening the public safety or whether a resentencing with postrelease conditions (e.g., parole) is necessary to ensure that the inmate's compassionate release will not threaten the public safety. By allowing the trial court to make that determination, section 1170, subdivision (e) not only treats recalling an inmate's sentence and resentencing an inmate as materially distinct options, it necessarily provides criteria that the trial court must take into account in making its decision.

Finally, our dissenting colleague believes that "the trial court correctly interpreted the statute as conferring discretion on the court to deny relief even if the court found the eligibility criteria [of section 1170, subdivision (e)(2)] were met" and that the trial court did not abuse its discretion. The dissent does not explain how the trial court's decision squares with our Supreme Court's observation in *Loper* that a trial court does not have "unfettered discretion" to deny a request for compassionate release when, as here, the statutory criteria are met. Nor does the dissent explain how the trial court here exercised its discretion in a manner consistent with section 1170, subdivision (e)'s dual purposes as outlined above and in *Martinez.* Specifically, the dissent does not cite, and we cannot locate, any authority that indicates the trial court may deny a statutorily eligible inmate's request for a compassionate release simply because, in the trial court's view, the inmate does not deserve one. If that were an appropriate consideration, then the trial court's discretion would be circumscribed only by the trial court's subjective opinion of who

19

deserves a compassionate release. In other words, the trial court's discretion would be "unfettered."

Our dissenting colleague believes the trial court relied on "reasonable grounds" in reaching its decision, "namely, [defendant's] exceptionally violent history, the extreme callousness of his violent conduct, and his 11th-hour expressions of remorse." But "[a]ll exercises of discretion must be guided by applicable legal principles, however, which are derived from the statute under which discretion is conferred." (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106.) Our dissenting colleague does not cite any authority that indicates those are appropriate considerations under section 1170, subdivision (e)(1). Even if the trial court retained some discretion to deny defendant's request for a compassionate release although he satisfied section 1170, subdivision (e)(2)'s criteria, nothing in the statute's "clear criteria," legislative history, or the Legislature's underlying intent suggests the trial court appropriately exercised its discretion here.

IV.

DISPOSITION

The trial court's order denying defendant's motion for compassionate release is reversed and the matter is remanded to the trial court. We direct the trial court to enter a new order forthwith granting defendant's motion for a compassionate release, and to re-sentence defendant or recall his sentence as provided in section 1170, subdivision (e)(2) and (e)(9). Good cause appearing, our decision is hereby ordered to become final as to

20

this court immediately.  (Cal. Rules of Court, rules 8.68, 8.264(b)(1), 8.366(b)(1).)  The remittitur shall issue within 30 days, unless the parties stipulate to its immediate issuance. (Cal. Rules of Court, rules 8.272(c)(1), 8.366(a).)

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

I concur:

MILLER
Acting P. J.

21

MENETREZ, J. Dissenting.

The majority opinion holds that the criteria in Penal Code section 1170, subdivision (e), define *entitlement* to compassionate release, rather than *eligibility* for compassionate release subject to trial court discretion.[5] I disagree with the majority opinion's interpretation of the statute and therefore respectfully dissent.

Under subdivision (e) of section 1170, the Board of Parole Hearings (Board) "may recommend to the court that the prisoner's sentence be recalled" if the Board finds that the following criteria are met: (1) release of the prisoner would not "pose a threat to public safety," and (2) either the prisoner is terminally ill with a life expectancy of at most six months or the prisoner is "permanently medically incapacitated" and hence "permanently unable to perform activities of basic daily living" and thus requires "24-hour total care." (§ 1170, subds. (e)(1), (e)(2)(A)-(C).) *Martinez v. Board of Parole Hearings* (2010) 183 Cal.App.4th 578 (*Martinez*) holds that if the Board finds those criteria are met, then the Board is not merely authorized but required to recommend recall of the prisoner's sentence. (*Id.* at p. 592.)

Subdivision (e) of section 1170 further provides that "[t]he court shall have the discretion to resentence or recall if the court finds" that those same criteria are met. (§ 1170, subd. (e)(2).) In the instant case, the trial court found that Torres meets the criteria, but the court exercised its discretion to deny his request for resentencing or recall of his sentence. The majority opinion concludes that the court erred because the

---

[5] Further undesignated statutory references are to the Penal Code.

discretion expressly conferred by subdivision (e)(2) of section 1170 is limited to choosing between recalling the sentence and resentencing the defendant, leaving the court with no discretion to deny compassionate release altogether.  (Maj. opn., *ante*, at pp. 13-14.)  That is, on the majority opinion's interpretation, once the court finds that the statutory criteria are met, the court is *required* to grant the request for compassionate release (by either resentencing or recalling the sentence).

In my view, the majority opinion's interpretation of the statute is not reasonable. Subdivision (e) of section 1170 generally does not distinguish between *recall* of sentence, on the one hand, and *recall or resentencing*, on the other.  The statute authorizes the Board to recommend "that the prisoner's sentence be recalled," with no mention of resentencing.  (§ 1170, subd. (e)(1).)  But the very next provision authorizes the court "to resentence or recall."  (§ 1170, subd. (e)(2).)  Several subparagraphs later, the statute refers to the Board's "recommendation for resentence or recall."  (§ 1170, subd. (e)(2).) But when the Board makes such a recommendation, the statute requires the court to hold a hearing within 10 days on "whether the prisoner's sentence should be recalled," again with no mention of resentencing.  (§ 1170, subd. (e)(3).)  The next subdivision refers repeatedly to "recall and resentencing procedures."  (§ 1170, subd. (e)(4).)  And the subdivision after that refers to "the recall and resentencing process" and "the prisoner's recall and resentencing proceedings."  (§ 1170, subd. (e)(5).)  The statute next authorizes the prisoner (or a family member or designee) to "request consideration for recall and resentencing," but the same subdivision goes on to state that if the Board then finds the criteria are met, it may recommend "that the prisoner's sentence be recalled," with no

2

mention of resentencing.  (§ 1170, subd. (e)(6).)  And the next subdivision provides that the Board must include certain documents (medical evaluations, etc.) with its "recommendation for recall," with no mention of resentencing.  (§ 1170, subd. (e)(7).)

In sum, the statute refers to "recall" and "recall or resentencing" interchangeably. The statute thus accords no significance to the distinction between recall and resentencing.  Rather, the statute treats them as materially indistinguishable means of effectuating compassionate release.

But on the majority opinion's interpretation, when the statute says "[t]he court shall have the discretion to resentence or recall" if the criteria are met (§ 1170, subd. (e)(2)), the court's discretion is limited to choosing between resentence and recall, rather than choosing between granting and denying relief.  I do not believe that is a reasonable interpretation, because it makes no sense to treat the distinction between recall and resentencing as having no importance but at the same time to expressly confer discretion to choose between them *and nothing else*.  Had the Legislature meant what the majority opinion thinks it meant, it would have just said "the court shall resentence or recall."  But by saying instead that "[t]he court shall have discretion to resentence or recall" (§ 1170, subd. (e)(2)) and by treating the distinction between recall and resentencing as having no importance in this context, the Legislature made clear that the court has discretion to grant relief (by resentencing or recalling the sentence; it does not matter which) or to deny it.

The majority opinion articulates three criticisms of my analysis, but I believe none has merit.  First, the opinion cites *People v. Loper* (2015) 60 Cal.4th 1155, 1161, footnote

3

3, for the proposition that the trial court's "discretion is not unfettered" in granting or denying a request for compassionate release of a prisoner who meets the statutory criteria, and the opinion asserts that "[i]f the Legislature wanted the trial court to consider other criteria in determining whether to grant a compassionate release, it would have enumerated those criteria." (Maj. opn., *ante*, at p. 16.) But trial court discretion is never unfettered. Rather, it is always subject to reversal if it is exercised "'in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.'" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) And the Legislature routinely confers discretion on the trial court without specifying the criteria to be considered in exercising it. Criminal sentencing law, for example, frequently confers discretion on the court to do whatever serves the interest of justice, with no specification of any criteria for making that determination. (See, e.g., §§ 1170.1, subd. (d), 1385, subd. (b), 12022.53, subd. (h).) Moreover, if the majority opinion's claim had merit, it would be just as forceful a criticism of the majority's position as it would be of my own. According to the majority, subdivision (e) of section 1170 confers on the trial court discretion to choose between recall and resentencing. But the statute does not identify any criteria the court is to consider in exercising that discretion.

Second, the majority opinion attempts to refute my claim that subdivision (e) of section 1170 accords no significance to the distinction between recall and resentencing by pointing out that there are significant differences between recall and resentencing. (Maj. opn., *ante*, at pp. 16-17.) I of course agree that there are. I do not claim that recall and resentencing are materially indistinguishable. Rather, I claim that *section 1170,*

4

*subdivision (e), treats them* as materially indistinguishable, so it would make no sense for the same statute to expressly confer discretion on the trial court to choose between them. The majority opinion does not address the numerous statutory provisions, quoted above, demonstrating that subdivision (e) of section 1170 accords no significance to the distinction between recall and resentencing.

Third and finally, the majority opinion contends that my position would actually give the trial court unfettered discretion, in violation of the dictum in *People v. Loper*, *supra*, 60 Cal.4th at page 1161, footnote 3, because it would allow the trial court to deny compassionate release "simply because, in the trial court's view, the inmate does not deserve one," which would be based entirely on "the trial court's subjective opinion." (Maj. opn., *ante*, at pp. 19-20.) But as I have already noted, trial court discretion is never unfettered but always must be exercised in a manner that is not arbitrary, capricious, or patently absurd. And as I have also noted, courts are routinely called upon to exercise discretion to impose or strike sentence enhancements (to take just one example) with nothing to guide them but their understanding of what would best serve the interest of justice—"subjective opinion," as the majority opinion puts it. If the court's decision is reasonable, we must affirm it, even if we might not have made the same decision ourselves in the first instance. If the trial court here had said it was denying compassionate release "because I just can't stand old people," or "because I've always hated guys named 'Tony,'" for example, then it would obviously have abused its discretion, and we would rightly reverse. But the court said nothing so offensive, arbitrary, capricious, or patently absurd. Rather, the court expressed reasonable grounds

5

for denying compassionate release, namely, appellant's exceptionally violent history, the extreme callousness of his violent conduct, and his 11th-hour expressions of remorse, which the court reasonably concluded were insincere and opportunistic.[6] I do not know whether I would have made the same decision in the first instance. But the trial court's exercise of its discretion was reasonable, so we must affirm.

For all of these reasons, I disagree with the majority opinion's interpretation of section 1170, subdivision (e). In my view, the trial court correctly interpreted the statute as conferring discretion on the court to deny relief even if the court found the eligibility criteria were met. And because I do not believe the trial court abused its discretion, I would affirm the order denying the request for compassionate release. I therefore respectfully dissent.

MENETREZ_____

J.

---

[6] Because the majority opinion deems such considerations categorically irrelevant to the trial court's decision on a petition for compassionate release, the opinion does not mention the extensive information before the trial court concerning appellant's violent history, callous nature, and lack of remorse. The respondent's brief aptly summarizes it as follows: Appellant is serving "a life sentence for the murder of his brother-in-law and had an extensive criminal record. He had stabbed people, pointed guns at people, fired shots at people, and terrorized those around him for most of his life. . . . He even killed the family cat because it ate off a plate. . . . The prosecutor argued appellant was extremely impulsive, mentally unstable, dangerous, and lacked any insight into why he behaved the way he did." Appellant did not express remorse for his murder of his brother-in-law until after being diagnosed with cancer in 2018.