Filed 1/21/26  P. v. Heredia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086163 |
| v. | (Super.Ct.No. SWF10000382) |
| JOSEPH ANTHONY HEREDIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed with directions.

Richard J. Moller, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Joseph Anthony Heredia appeals the trial court's order following a full resentencing hearing pursuant to Penal Code[1] section 1172.75. After conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), we affirm with directions.

PROCEDURAL BACKGROUND

On September 7, 2011, a jury found defendant guilty of arson (§ 451, subd. (b), count 2), and making criminal threats (§ 422, counts 5 & 6).[2] In a bifurcated proceeding, defendant admitted that he had suffered four prior prison terms (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§§ 1170.12, subd. (c)(1), 667, subd. (c), (e)(1)).

On December 2, 2011, the court sentenced defendant to a term of 25 years four months, consisting of the upper term of eight years on count 2, doubled pursuant to the prior strike conviction, or 16 years, one-third the midterm, doubled, or one year four months on count 5, five years on the serious prior conviction (§ 667, subd. (a)), and three years on three of the four prior prisons.[3] The court stayed the sentence on count 6 under

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The jury acquitted defendant of residential burglary (§ 459, count 1), threatening a witness (§ 140, subd. (a), count 3), and one count of making criminal threats (§ 211, count 4).

[3] The court apparently struck the second prison prior since it was based on the same conviction as the section 667, subdivision (a) and the prior strike.

section 654.  The court imposed a restitution fine of $600 (§ 1202.4, subd. (b)) and a suspended probation revocation restitution fine of $600 (§ 1202.45, subd. (b)).  It ordered 744 days of custody credits (647 actual plus 97 conduct).

After the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[4]

On November 9, 2023, the court held a hearing, and defense counsel asked the trial court to dismiss the three prison priors that were imposed and bring back the case on December 7, 2023, to discuss whether the fourth prison prior that was stayed should be stricken.  The People concurred that the matter should be brought back on December 7, 2023, on the stayed prison prior.[5]  The parties then agreed that defendant was entitled to a full resentencing, and the court vacated the prison priors and set the matter for a full resentencing hearing.

Defendant filed a resentencing brief on May 5, 2025, asking the court to strike the punishment on the section 667, subdivision (a) enhancement and to impose the midterm, rather than the upper term, on count 2.

---

[4] On the court's own motion, we augmented the record in this case to include the CDCR list dated June 16, 2022.  Defendant is listed on page 19 of that document.  (See order filed on January 9, 2026, and attached exhibits.)

[5] The parties appear to have been mistaken, since the record indicates the court struck the prison prior, rather than stayed it.

The People filed a resentencing brief on May 13, 2025, opposing defendant's requests.

The court held a full resentencing hearing on May 16, 2025, and noted that it read and considered the papers submitted by both parties. The court declined to dismiss defendant's prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), noting that his criminal history was "abysmal."[6] The court also decided not to exercise its discretion to dismiss the prior serious felony enhancement, noting that public safety was of paramount concern and, based on defendant's record, it was convinced that he would hurt others and destroy more property once he was released from prison. The court resentenced defendant to a total term of 22 years four months, consisting of the upper term of eight years on count 2, doubled pursuant to the prior strike conviction, or 16 years, one-third the midterm, doubled, or one year four months on count 5, plus five years on the serious prior felony enhancement. The court imposed two years on count 6, but stayed the sentence under section 654. It suspended the $600 restitution fine, pending a hearing on defendant's ability to pay, and suspended the $600 probation revocation restitution fine. The court did not address or change the credits for time served.

Defendant timely appealed.

---

[6] Defense counsel stated that he chose not to file a *Romero* motion due to defendant's criminal history; however, the court felt that it "need[ed] to cover it because this [was] a resentencing."

4

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel states that the procedures set forth in *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 do not apply to this case, and he has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216, which provides that "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief." (*Id.* at p. 226.) We note, however, that defendant was not denied postconviction relief. Rather, he was given a full resentencing and is now appealing that judgment.[7] Thus, the procedures set forth in *Wende* and *Anders* apply.

Counsel has set forth a statement of the case and four potential arguable issues: (1) whether the court abused its discretion in denying his *Romero* motion and/or motion to strike the prior serious felony enhancement; (2) whether the court erred by considering only whether defendant currently posed a danger to the public when assessing if a dismissal of the five-year prior felony enhancement would endanger public safety under section 1385, subdivision (c)(2); (3) whether the court considered postconviction factors under section 1172.75, subdivision (d)(3) and properly found that a reduction in defendant's sentence would endanger public safety; and (4) whether the court should vacate the restitution fine, which was imposed more than 10 years ago. Counsel has also requested this court to undertake a review of the entire record.

---

[7] See *People v. Rivera* (1984) 157 Cal.App.3d 494, 497 ["The court recalled Rivera's initial sentence and commitment and 'resentenced' him as if he 'had not been sentenced previously.' [Citation.] The resentence became the sentence and thus the judgment." "We conclude the appeal here, in effect, is from the judgment."].

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Ca1.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records at any time so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Ca1.3d 702, 705.)

The resentencing court here awarded defendant the same number of custody credits as the original sentencing court ordered in 2011 (647 actual plus 97 conduct, for a total of 744). The court failed to recalculate the actual time defendant had served pursuant to the sentence for which he was being resentenced and reflect those credits in the amended abstract of judgment. Our Supreme Court determined that when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Ca1.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all actual days he had spent in custody"].) Thus, the matter should be remanded for the custody credits to be recalculated.

## DISPOSITION

The matter is remanded and the trial court is directed to recalculate the proper amount of custody credits as of the date of the resentencing hearing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and reflecting the date of the resentencing hearing, and to forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.
CODRINGTON
J.